UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| KNAUF FIBER GLASS, GmbH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 1:02-cv-1215-DFH-WTL |
| ) | |
| CERTAINTEED CORPORATION, ) | |
| ) | |
| Defendant. ) | |

ENTRY ON DEFENDANT'S MOTION TO RECONSIDER AND
ORDERING THAT ALL DOCUMENTS BE UNSEALED

On February 2, 2006, the court granted in part and denied in part defendant's motion to compel. The court found that defendant had made a *prima facie* showing of fraud on the Patent and Trademark Office (PTO) with respect to one item of prior art that the patentees did not disclose. The court found that defendant had not made a prima facie showing with respect to a number of other subjects. The court ordered plaintiff Knauf Fiber Glass GmbH to submit to the court for *in camera* inspection:

> any documents on the privilege log that address or relate to Knauf's own duct liner product *or other flexible duct products* that were not disclosed to the PTO, including any documents that address or relate to whether such duct liner products were relevant to the claimed invention and/or should be disclosed to the PTO in connection with the application. (For purposes of the *in camera* review, note that the scope here includes flexible products other than Knauf's, such as the Schuller products, if those products were not disclosed to the PTO.) Knauf shall also submit for *in camera* inspection sworn answers to interrogatories that cover these same subjects but were not answered on grounds of privilege.

Entry at 25.  On March 1, 2006, Knauf submitted a statement that it had reviewed its privileged documents and interrogatory answers and had not identified any document or interrogatory answer responsive to the court's order.

In the meantime, on February 10, 2006, defendant CertainTeed Corporation had filed its motion to reconsider arguing that the court had granted too little relief on its motion to compel.  Defendant seeks an order requiring in camera inspection of approximately 130 documents listed on Knauf's privilege log and an order that any communications between Knauf personnel and its counsel "addressing in any way issues relating to prior art" are not privileged in future discovery, including depositions.

The court has considered the parties' arguments and denies CertainTeed's motion.  Apart from simply re-arguing matters that were briefed at length and addressed in detail by the court, CertainTeed argues that the court-ordered relief is too narrow, arguing in essence that if it has made a *prima facie* showing of fraud with respect to any specific issue, the attorney-client and work-product privileges should be pierced with respect to any related subject, including those as to which the court found no *prima facie* showing of fraud on the PTO.  CertainTeed has not come forward with case authority supporting its sweeping argument that a *prima facie* showing on one issue should erase the privileges as to all other issues.  The court explained in detail why CertainTeed had not made a *prima facie* showing of fraud on several topics.  There is no reason to take the

significant step of piercing the privileges as to those topics and to others, as well. Instead, the court provided the more targeted relief of piercing the privilege with respect to the specific prior art item (Knauf's own "Duct Liner M"), but broadened the relief to include any communications dealing with other closely related prior art in the form of other flexible duct products. CertainTeed has not come forward with new authority or arguments supporting its all-or-nothing approach to piercing the privileges.

CertainTeed argues the court should revisit its ruling on the issue concerning the Schuller "Linacoustic R" duct liner product, arguing that the court made a factual error. The court rejected CertainTeed's arguments because it had not shown that any of the inventors or their attorneys knew of the Schuller product. CertainTeed argues that inventor Noonan knew of the product and admitted he never told the patent attorneys about it. Def. Mem. at 5 (Docket No. 165), citing Noonan Dep. at 142-43. The deposition testimony does not show what CertainTeed claims. It shows that Noonan was being shown a document with information about Schuller products, and he answered questions about the duct liner products. The testimony does not show that Noonan knew about the specific product in question, let alone that he knew about that specific product at the relevant time, during the patent prosecution. The testimony also does not say anything about Noonan's communications with the patent attorneys. He was instructed not to answer questions about communications with his attorneys; he testified only that he did not provide information directly to the PTO.

-3-

CertainTeed also argues that the court should find fraud on the PTO based on the knowledge of other Knauf personnel — Messrs. Gravino, Brower, and Cunningham. CertainTeed has not shown the court anything specific about the roles of those three men in the patent application process. CertainTeed also argues that the court should infer that the inventors knew about the Schuller product, and it even goes so far as to claim, without citation to authority: "In making its *prima facie* case, CertainTeed is entitled to all reasonable inferences from the evidence." *Id.* at 7. That is not true. The court is entitled to weigh the evidence submitted, especially before taking the significant step of piercing privileges at the heart of the American legal system. See *In re Feldberg*, 862 F.2d 622, 626 (7th Cir. 1988) (even where *prima facie* case is shown, opposing party may offer other evidence to provide innocent explanation; "If the court finds the explanation satisfactory, the privilege remains."); *Glaxo, Inc. v. Novopharm Ltd.*, 148 F.R.D. 535, 544 (E.D.N.C. 1993) (allowing privilege to stand after weighing conflicting evidence). The court weighed the evidence CertainTeed presented, and considered as well what had not been presented. CertainTeed's speculation is not evidence and is not a substitute for evidence. As the court wrote in the original entry: "Before taking the step of piercing the attorney-client privilege on grounds of fraud, it would be reasonable to expect the opposing party at least to ask the key witnesses the key question on this essential foundation for the fraud

allegation." The court found that CertainTeed had not made a sufficient showing. The court stands by that ruling.[1]

CertainTeed next complains that the court declined to consider what it now says was a key argument in support of its motion to compel: evidence that the inventors concealed from the PTO CertainTeed's own "ToughGard" duct board as prior art. The argument was so important that CertainTeed did not bother to make it in its motion to compel or supporting brief. It raised it for the first time in its reply brief, which is obviously not a fair maneuver. The court noted that CertainTeed had said in its motion to compel that it was incorporating all of its summary judgment papers, but the court believed the fairest approach was to base the decision on the examples of supposedly fraudulent conduct argued in the motion to compel itself, assuming that CertainTeed had selected its best arguments and examples for that motion. Entry at 27. Only one of those arguments had any merit.

Neither the court nor Knauf should have been required to address all of the summary judgment arguments, as well, in response to the motion to compel. Wholesale incorporation of voluminous submissions would require the court (or

---

[1] The court also stated that CertainTeed had not asked either Noonan or Beyer, the two living inventors, about the Schuller product. In the passage at pages 141-43 of the Noonan deposition, CertainTeed asked Noonan about the document with information about Schuller products in general, but did not ask the direct question about what Noonan knew at the relevant time about the specific product.

an opposing party) to conduct an unguided search through the record to guess what the moving party thought was most important for its motion to compel. Complex cases would become even more unwieldy under that approach. Cf. *Ammons v. Aramark Uniform Services, Inc.*, 368 F.3d 809, 818 (7th Cir. 2004) (affirming summary judgment; district court did not abuse discretion by striking attempts to dispute facts by citing entire depositions or lengthy documents without more specific citations; "court should not be expected to review a lengthy record for facts that a party could have easily identified with greater particularity").[2]

CertainTeed is also critical of the court's analysis of the allegedly false statements that Knauf and the inventors made to the PTO, arguing that the court overlooked some of the more general statements about what was "new" and what was "obsolete." The court focused on the specific statements that CertainTeed claimed were false. Its evidence did not withstand scrutiny. The court does not believe there was any need to address more general statements of opinion. The

---

[2]The court appreciates CertainTeed's stated desire not to burden the court with extra copies of the same exhibits. However, if the ToughGard issue was so important for the motion to compel, the court does not understand why it was not raised in the opening brief, especially when compared to all the weak arguments that CertainTeed actually made in the opening brief. CertainTeed's footnote 5 in its brief on the motion to reconsider asks that the court, if it denies the motion to reconsider, allow CertainTeed "to refile its Motion to Compel Privileged Documents so that all of the relevant evidence can be provided to the Court in a single motion and Appendix of exhibits." That request is denied. Under the proposed approach, court decisions would become only proverbial "first drafts, subject to revision and reconsideration at a litigant's pleasure." *Quaker Alloy Casting Co. v. Gulfco Indus., Inc.*, 123 F.R.D. 282, 288 (N.D. Ill. 1988). Litigation would be even slower and more expensive than it already is, especially in patent cases.

court assumes that every patent applicant claims that his invention is new in at least one respect.

CertainTeed next argues that the court ordered too little relief. That argument is based on a misreading of the court's order. The court ordered *in camera* inspection of documents "that address or relate to Knauf's own duct liner product *or other flexible duct products* that were not disclosed to the PTO, including any documents that address or relate to whether such duct liner products were relevant to the claimed invention and/or should be disclosed to the PTO in connection with the application." Entry at 25 (emphasis in original).

CertainTeed has asked the court to modify its order to hold that CertainTeed is entitled to answers about otherwise privileged discussions between Knauf personnel and patent attorneys. The court is not broadening the scope of the subject matter as to which CertainTeed may explore privileged communications. However, in view of the reported absence of any responsive documents concerning Duct Liner M and other flexible duct products, there is nothing for the court to inspect *in camera* before taking any additional steps. The court agrees that CertainTeed is entitled to have both Knauf personnel and outside patent attorneys answer questions about those subjects in any remaining discovery.

Knauf has argued the court should at this point preclude further discovery on the inequitable conduct counterclaim. The court declines to take that step.

CertainTeed is entitled to ask about the flexible liner product issues. Whether any additional discovery is both needed and timely at this point remains to be seen. The pendency of CertainTeed's motion to reconsider led the court to postpone the conference that had been scheduled to set a schedule, including a trial date, to bring this matter to conclusion. The court will try again, on **Friday, October 13, 2006, at 8:30 a.m.** in Room 330, Birch Bayh U.S. Courthouse, Indianapolis, Indiana. **No later than October 11, 2006**, counsel shall send to opposing counsel, with a copy to the court, a letter stating (realistically) any additional discovery the party believes must be conducted to prepare for the court trial on the inequitable conduct counterclaim. If this schedule poses a problem, counsel should contact the courtroom deputy clerk promptly.

Finally, the court notes that neither party has objected to unsealing any of their prior submissions to the court. All sealed documents are hereby ordered unsealed and available in the court's public file. No further sealed filing will be permitted absent further court order.

So ordered.

Date: September 29, 2006

_David F. Hamilton_
DAVID F. HAMILTON, JUDGE
United States District Court
Southern District of Indiana

-8-

Copies to:

Kandi Kilkelly Hidde
BINGHAM MCHALE
khidde@binghammchale.com

Paul B. Hunt
BARNES & THORNBURG LLP
dmilgate@btlaw.com

Deborah Pollack-Milgate
BARNES & THORNBURG LLP
dmilgate@btlaw.com

Edward M. Reisner
COHEN PONTANI LIEBERMAN & PAVANE
ereisner@cplplaw.com

David O. Tittle
BINGHAM MCHALE
dtittle@binghammchale.com